**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4490**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROBERT FENN,

    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cr-00510-JCC-1)

Submitted: December 20, 2013   Decided: February 4, 2014

Before KING, GREGORY, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Hundley, BRIGLIA HUNDLEY NUTTALL & LOPEZ, P.C., Vienna, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Alicia J. Yass, Special Assistant United States Attorney, Lindsay A. Kelly, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a two-day jury trial, Robert Fenn ("Appellant") was convicted of one count each of receipt of child pornography and possession of child pornography and was sentenced to 120 months imprisonment on each count, to run concurrently. He appeals, raising three contentions: (1) the district court should have granted his motion to suppress certain statements because they were given during an improper custodial interrogation, in violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) during trial, the district court erroneously admitted evidence of legal Hentai (sexual cartoon) images that were found on Appellant's computer, in violation of Federal Rules of Evidence 403 and 404(b); and (3) the evidence presented at trial was insufficient to convict Appellant. Finding no error, we affirm.

## I.

We have reviewed the district court's order denying Appellant's motion to suppress, and we find no reversible error. Thus, we affirm for the reasons stated by the district court in its memorandum opinion of January 22, 2013. See United States v. Fenn, No. 1:12-cr-00510-JCC-1, ECF No. 17 (E.D. Va., filed Jan. 22, 2013).

II.

As to whether the district court improperly admitted Hentai images stored on Appellant's computer, we likewise affirm. Appellant argues these images were improperly admitted under Federal Rules of Evidence 404(b) and 403. We review for abuse of discretion and note, "[d]istrict courts generally enjoy broad discretion in ruling on the admissibility of evidence." United States v. Leeson, 453 F.3d 631, 636 (4th Cir. 2006); United States v. Woods, 710 F.3d 195, 200 (4th Cir. 2013).

Rule 404(b) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2).

Having reviewed the transcript, it is clear the images were properly admitted as evidence for purposes other than showing Appellant's general character. They were admitted in accordance with this court's decision in United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (explaining that evidence of prior acts must be (1) relevant and not offered to establish general character, (2) probative of an essential claim or

3

element of the offense, (3) reliable, and (4) the probative value must not be substantially outweighed by unfair prejudice). Further, the ruling was not in contravention of Rule 403. See United States v. Benkahla, 530 F.3d 300, 310 (4th Cir. 2008). The court also gave limiting instructions as to the purpose of the images, explaining that they were legal, and they did not show "that at another time the defendant performed a similar act or committed a similar offense, including the offense charged in the indictment." J.A. 303.[*] We thus find no merit in Appellant's argument on this point.

## III.

Appellant's final contention on appeal is that the evidence at trial was insufficient to support the guilty verdict against him; rather, he argues that there was substantial evidence that Appellant's brother and father, both of whom lived with Appellant, received and possessed the pornography at issue. In entertaining such an argument, we "construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged

---

[*] The "J.A." is the Joint Appendix filed by the parties in this appeal.

4

beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011) (emphasis in original). Appellant's final contention fails. Considering the evidence presented at trial, a rational trier of fact could have found Appellant guilty beyond a reasonable doubt.

## IV.

For the foregoing reasons, the district court's order denying Appellant's motion to suppress and the judgment after trial are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED